■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RIVERA, Appellant. — Judgment, Supreme Court, Bronx County (Koenig, J.), rendered on November 20, 1979, unanimously affirmed. Concur — Ross, J. P., Lupiano and Silverman, JJ.

Carro and Milonas, JJ., concur in a memorandum by Carro, J., as follows: I concur in the result because of the overwhelming proof of defendant's guilt, the apparently exculpatory nature of his statement and his failure to preserve the issue of the inadequacy of the *Miranda* warnings. The admission into evidence of defendant's statement that he "bought it around the corner from a man in a car", which was attempted to be used in argument by the prosecutor to show consciousness of guilt, was error. After the defendant was placed under arrest, the officer advised him of his "rights". However, he neglected to advise defendant of his right to consult with counsel prior to questioning and to have the lawyer with him during that questioning. The officer testified, "I advised him of his rights as to an attorney, and that if he could not afford an attorney one would be provided *for him at court*" (emphasis added). The Supreme Court of the United States, in *Miranda v Arizona* (384 US 436, 470-471) stated "[T]he need for counsel to protect the Fifth amendment privilege comprehends not merely a right to consult with counsel prior to questioning, but also to have counsel present during any questioning if the defendant so desires * * * Accordingly we hold that an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation * * * this warning is an absolute prerequisite to interrogation." However, under the circumstances of this case, "there is no reasonable possibility that the error might have contributed to defendant's conviction * * * it was thus harmless beyond a reasonable doubt". (*People v Crimmins,* 36 NY2d 230, 237.)